UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KWATEZ MCLEMORE,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )    No. 19-2319<br>) |
| M. DOWNEY, et. al.,<br>   Defendants | )<br>) |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims his constitutional rights were violated at the Kankakee County Detention Center by Sheriff M. Downey and unnamed "subordinates." (Comp., p. 2). It is unclear if Plaintiff also intended to name the Detention Center as a Defendant. For clarification of the record, the Court will dismiss this Defendant since Plaintiff cannot sue a detention center pursuant to 28 U.S.C. §1983. *See White v. Knight,* 710 Fed.Appx. 260, 262 (7th Cir. 2018)("a building is not a person capable of being sued under § 1983.").

Plaintiff says "maintenance staff" failed to repair a water leak which caused water to form a puddle on a walkway. (Comp., p. 5). On October 20, 2019, Plaintiff

1

slipped in the water and fell injuring his back and elbow. Plaintiff was taken to the hospital where he received five stitches.

Plaintiff was prescribed antibiotics and pain medication, but he did not receive either. Plaintiff says he is still in extreme back pain, but his medical requests and grievances are ignored.

An Eighth Amendment claim based on conditions of confinement requires a plaintiff to allege conditions which are objectively serious. *See Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014). In other words, conditions which denied plaintiff "the minimal civilized measure of life's necessities." *Gillis v. Litscher,* 468 F.3d 488, 491 (7th Cir. 2006), *quoting Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

Courts have consistently held slippery prison floors do not rise to the level of a constitutional violation. *See Bell v. Ward*, 88 Fed.Appx. 125, 127 ("Although wet floors do present a possibility that inmates might slip, (plaintiff's) allegations do not suggest a *substantial* risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment)(emphasis in original); *Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir. 2001) ("failing to provide a maximally safe environment, one completely free from ... safety hazards, is not [a constitutional violation]."); *LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."); *Miller v. Madison County Jail*, 2014 WL 4652008, at *2 (S.D.Ill. Sept. 18, 2014)(inmate failed to state a claim after falling in water which had leaked onto floor from broken pipe).

2

At most, Plaintiff has alleged Defendants were negligent for failing to repair the leak and keep the floor dry. However, negligence or even gross negligence on the part of officials is not sufficient for liability under §1983 because "their actions must be intentional or criminally reckless." *Bell,* 88 Fed.Appx. 125, 127.

Plaintiff next claims he was denied prescribed antibiotics and pain medication. Plaintiff does not allege the denial of antibiotics had any impact on his condition. However, Plaintiff does allege he was left to suffer in pain without the pain medication. It is possible Plaintiff can proceed with an Eighth Amendment claim of deliberate indifference to a serious medical condition. However, Plaintiff has failed to state who was responsible for failing to provide the medication.

Plaintiff has only identified the Sheriff as a Defendant in his complaint, but the Sheriff is not responsible for providing medical care and he cannot be held liable simply because he was a supervisor. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* (supervisor liability) does not apply to § 1983 actions..."). Instead, Plaintiff must identify defendants who were personally responsible for the deprivation of his rights. *See Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

For instance, did Plaintiff complain about his back pain or did he ask for pain medication, but no action was taken? If so, how did he make the request and who was involved in the denial? How often did he request medical care or pain medication?[1]

The Court will allow Plaintiff an opportunity to file an amended complaint clarifying his claim concerning the denial of pain medication. Plaintiff's amended complaint must stand complete on its own and include all claims against all Defendants. Plaintiff must clearly indicate how his named Defendants were involved in the denial of pain medication as indicated in this order. Plaintiff's amended complaint must not repeat claims already considered and dismissed.

The Court also notes in the section of the complaint form which asks if the grievance process is complete, Plaintiff has checked both the yes and no boxes. (Comp, p. 4). Plaintiff is reminded he must have completed all available administrative remedies before he filed his complaint. *See* 42 U.S.C.§1997e(a). If Plaintiff does not believe he has completed the grievance procedure for his medical claim, he may file a motion to dismiss within 21 days and the Court will dismiss the complaint and waive any unpaid portion of the filing fee.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A.

---

[1] If Plaintiff is unsure of a particular Defendant's name, he should instead provide identifying information such as the person's job title or responsibilities, shift worked, and if possible, a physical description.

2) Plaintiff must file an amended complaint in compliance with this order within 21 days or on or before February 17, 2020. If Plaintiff fails to file his amended complaint on or before February 17, 2020, or fails to follow the Court's directions, his case may be dismissed. Plaintiff should use the complaint form provided.

3) If Plaintiff does not believe he exhausted his administrative remedies before filing his lawsuit, or does not believe he can articulate a constitutional violation, he may file a motion for leave to voluntarily dismiss within 21 days or on or before February 17, 2020, and the Court will dismiss his case and waive any unpaid portion of the filing fee.

4) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address and telephone number. Failure to provide this information could result in the dismissal of his lawsuit.

5) Plaintiff's motion for appointment of counsel is denied with leave to refile after he files his amended complaint clarifying his claims. [6]. If Plaintiff refiles his motion, he should update any efforts he has made to find counsel on his own.

6) The Clerk of the Court is to provide Plaintiff with a blank complaint form and reset this case for an internal merit review within 30 days.

7) The Clerk is also directed to dismiss Defendant Kankakee County Detention Center since the jail is an improper Defendant in a lawsuit pursuant to 42 U.S.C. §1983.


Entered this 27th day of January, 2020.

                                        s/ James E. Shadid

                            _____
                                        JAMES E. SHADID
                             UNITED STATES DISTRICT JUDGE