E-FILED
Monday, 31 August, 2020  09:42:20 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KWATEZ MCLEMORE,                    )
   Plaintiff,                       )
                          )
   vs.                              )      No. 19-2319
                          )
M. DOWNEY,et. al.,                  )
   Defendants                       )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [9].

I. BACKGROUND

Plaintiff's original complaint was dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. *See* January 27, 2020 Merit Review Order. Plaintiff either failed to articulate a constitutional violation, failed to identify the proper Defendants, or failed to state who was responsible.[1] Therefore, Plaintiff was given additional time to file an amended complaint and instructions to assist him in clarifying his claims. *See* January 27, 2020 Merit Review Order, p. 4. For instance, Plaintiff was advised he must clearly state how each Defendant was involved in his claims.

II. MOTION FOR LEAVE TO AMEND

---

[1] It was also unclear whether Plaintiff had fully exhausted his administrative remedies before filing his complaint. *See* January 27, 2020 Merit Review Order, p. 4.

Plaintiff has now filed his motion for leave to amend which is granted pursuant to Federal Rule of Civil Procedure 15. [9].  The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint alleges Nurse B. Wagner, Nurse E. Vasques, and Maintenance Staff Member "David" violated his constitutional rights at the Kankakee County Detention Center. (Amd. Comp, p. 2).  The Plaintiff no longer identifies Sheriff Downey as a Defendant, so Defendant Downey will be dismissed.

Plaintiff does not indicate whether he was a pretrial detainee at the time of his allegations or if he had been convicted of a crime.  Plaintiff will need to clarify his status because his "constitution rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners." *Smith v. Dart*, 803 F.3d 304, 209 (7th Cir. 2015) *citing, among others, Kingsley v. Hendrickson*, 576 U.S. 389, 402(2015).

Plaintiff again says on October 20, 2019, he slipped and fell in a large puddle of water on the inmate walkway.  Plaintiff says the water puddle built up due to broken pipes and showers that leak. Plaintiff says there are still leaks in the area even though inmates have asked for repairs.

Although Plaintiff was specifically directed to state how each Defendant was involved in his claims, he has failed to identify a specific Defendant responsible for this claim.  Plaintiff has named Maintenance Staff Member David in his list of Defendants, but he does not explain how this Defendant knew about the problem or was otherwise involved in this allegation.

In addition, whether Plaintiff was a pretrial detainee or a convicted prisoner, courts have routinely held slippery floors do not rise to the level of a constitutional violation. *See Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014)("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."): *Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir. 2001) ("failing to provide a maximally safe environment, one completely free from ... safety hazards, is not [a constitutional violation]."); *Miller v. Madison County Jail*, 2014 WL 4652008, at *2 (S.D.Ill. Sept. 18, 2014)(inmate failed to state a claim after falling in water which had leaked onto floor from broken pipe). In addition, negligence or even gross negligence on the part of officials is not sufficient for liability under §1983 because "their actions must be intentional or criminally reckless." *Bell v. Ward,* 88 Fed.Appx. 125, 127 (7th Cir. 2004). Plaintiff has failed to state a claim based on slipping and falling on the walkway.

Plaintiff next says he cut his elbow and injured his tailbone when he fell, but it took time to get the attention of correctional officers since he was locked in a caged area. Plaintiff estimates it took approximately 15 minutes for an inmate to reach an intercom button. Plaintiff says inmates had previously complained about the difficulty in

3

obtaining immediate attention in emergencies. Again, Plaintiff has failed to identify a specific Defendant responsible for this delay, and it is doubtful he has articulated a constitutional violation based on a 15-minute delay for officers to respond and take him to get stitches.

Plaintiff claims once he arrived at the hospital, Officer Vance told ER staff they were in a hurry. Therefore, the medical staff was directed to ignore Plaintiff's complaints of pain, stitch Plaintiff up as soon as possible, and release him. Plaintiff says the ER staff was in such a hurry they did not cleanse his wound. Plaintiff further alleges once he reviewed his release papers, he realized he was not receiving the prescribed antibiotics or pain medication, and jail staff was not cleaning his wound as directed.

Plaintiff has not named Officer Vance as a Defendant, nor has he explained how the named Defendants were involved in these claims. (Amd. Comp., p. 5). However, Plaintiff has attached additional documents to his complaint including medical records.

The Court notes Plaintiff some of these medical records do not appear to be relevant to his complaint. For instance, Plaintiff has provided records dated February 2, 2020 which related to a "dental abscess." (Amd. Comp., p. 32-36).

However, Plaintiff has provided discharge papers from October 20, 2019 indicating Plaintiff was seen for a laceration, leg pain, and acute low back pain. Although Plaintiff claims his visit was rushed, the record indicates several x-rays were taken of his elbow, hips, and lumbar spine. (Amd. Comp, p. 13). Plaintiff also apparently disputes the record which notes Plaintiff was given medication at the hospital including Toradol for pain and a muscle relaxer. (Amd. Comp., p. 13). It is

4

somewhat unclear, but it appears Plaintiff was prescribed an antibiotic and additional pain medications was recommended as needed.

Plaintiff has also attached a statement outlining his medical care at the jail. Plaintiff says he suffered in pain and repeatedly asked the nurses for medication. Sometimes Plaintiff admits he was given medication and sometimes he was not. (Amd. Comp., p. 11-12). It does not appear that Plaintiff was provided antibiotics.

For the purpose of notice pleading, Plaintiff has alleged the two medical Defendants violated his constitutional right based on delays or denial of medical care for his pain and arm injury. Plaintiff must clarify the involvement of Medical Defendants Nurse B. Wagner and Nurse E. Vasques during discovery. Plaintiff must also clarify if he was a pretrial detainee at the time of his allegations.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Nurse B. Wagner and Nurse E. Vasques violated his constitutional rights when they delayed or denied care for his back pain and arm injury. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed

before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of

those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.   The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to amend, [9]; 2) Dismiss Defendant Maintenance Worker David and Sheriff Downey for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Attempt**

**service on Defendants pursuant to the standard procedures; 4) Set an internal Court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 31st day of August,  2020.

s/ James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE